# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVEL JONES, | ) | CASE NO. 8:14CV1 |
| | ) | |
| Petitioner, | ) | |
| | ) | AMENDED |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BRIAN GAGE, | ) | |
| | ) | |
| Respondent. | ) | |

## I. INITIAL REVIEW

This matter is before the court on initial review of Petitioner Marvel Jones's ("Jones" or "Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) The court will dismiss Jones's petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

> factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Magwood v. Patterson,* 130 S. Ct. 2788 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798.

This court's records reflect that Jones's petition is successive. He challenges his 1997 conviction for first degree sexual assault of a child, second offense. (Filing No. 1 at CM/ECF p. 2.) Petitioner unsuccessfully challenged this same conviction in earlier federal habeas corpus litigation. (*See Jones v. Kenney*, Case No. 4:00CV3002 (D. Neb.), Filing No. 13, dismissing petition for writ of habeas corpus with prejudice on April 27, 2010; and *Jones v. Britten*, Case No. 4:03CV03083 (D. Neb.), Filing No. 6, dismissing successive petition for writ of habeas corpus without prejudice to reassertion of a subsequent petition upon certification from the Eighth Circuit Court of Appeals.)

The pending petition for writ of habeas corpus is a second or successive petition under the statute because it challenges the same conviction and sentence already challenged in this court. The record does not reflect that Petitioner has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. If Petitioner wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas corpus petitions set forth in 28 U.S.C. § 2244(b).

## II. MOTION TO APPOINT COUNSEL

Petitioner seeks the appointment of counsel in this matter. (Filing No. 4.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are

debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus is dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals;

2. The court will not issue a certificate of appealability in this matter;

3. Petitioner's Motion for Appointment of Counsel (Filing No. [4]) is denied;

4. Petitioner's Motion for Personal Recognizance Bond (Filing No. [5]) is denied as moot; and

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of January, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.